By the Court, E. Darwin Smith, J.
The referee, I think, in this case erred in dismissing the complaint. By the written power of attorney given in evidence, the plaintiffs appointed the defendant Fanning their true and lawful agent and attorney to vend and sell the *635 sewing machine, of which they had the patent, for them in all and every part or parts of the United States, except California, at snch prices as he should deem judicious and expedient. The plaintiffs were to deliver to him, for that purpose, such machines in good order, ready for sale, from time to time, as he should call for them. The bond upon which this action was brought was given as security that said Fanning would fully account for and pay over to the plaintiffs the proceeds of all such sales. This action was brought to recover a balance unpaid on the first of January, 1870, upon the sale of such machines. The plaintiffs testified, expressly, that the machines embraced in the bill exhibited, on which this balance was struck, and in another bill referred to, were furnished by the plaintiffs upon the order of Fanning.
The transactions had been somewhat large between the parties, and Fanning had, it appears, one or two partners, at different times, interested with him in the sale of the machines, and this fact was known to the plaintiffs; but it does not appear that the plaintiffs appointed or recognized any one or more of them as their agents, or made any new or distinct contract with any person but Fanning. He was appointed their agent by written power of attorney, which was never revoked or discharged. They dealt with him, and filled his orders as their agent. The fact that he had partners and others interested with him in selling the machines furnished, does not, that I can see, affect his personal liability for all the machines and fixings personally ordered by him under said power. It obviously was not a matter of any consequence or concern to the plaintiffs how many partners he had, or when they came in or went out, or whether they were general or special partners. If the plaintiff, Chauncey Palmer, is to be believed, (and he is not contradicted,) the plaintiffs fulfilled their part of the agreement with Fanning, by *636 filling his orders and delivering their machines' as he required them. The plaintiffs had appointed Fanning their agent to sell their machines, and taken security from him that he would faithfully account for the proceeds of such sales, and I see no evidence in the case that they ever relinquished the relations of principals to him as their agent, in respect to the machines delivered to him, or that they ever relied upon any other security for the payment of such machines than the security of the defendant’s bond in suit in this action.
[Fourth Department, General Term, at Rochester,
April 1, 1873
Mullin, Talcott and E. D. Smith, Justices.]
The judgment should be reversed, and a new trial granted, with costs to abide the event.